

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX                          February 2, 1990
ATTORNEY GENERAL

Mr. Fred Toler                      Opinion No. JM-1139
Executive Director
Texas Commission on Law             Re:  Whether a public secu-
    Enforcement Officer             rity  officer  employed  by
    Standards and Education         the state  or  a  political
1606 Headway Circle, Suite 100      subdivision is  subject  to
Austin, Texas    78754              licensing by the Commission
                                    on Law Enforcement  Officer
                                    Standards and Education
                                    (RQ-1809)

Dear Mr. Toler:

        You ask whether a  public security officer employed  by
the state or a political subdivision is subject to licensing
by the Commission on  Law Enforcement Officer Standards  and
Education.

        In Attorney General Opinion JM-878 (1988) it was  noted
that the commission  is charged with  the responsibility  of
licensing public security officers  and that the  commission
has established a set of licensing standards.  See 37 T.A.C.
§ 211.101.

        Public security officer is  defined in section  415.001
of the Government Code, as follows:

                'Public security officer,'  for the  purposes
            of this  Act, <u>means  any person  employed  or
            appointed as an armed security officer by the
            state or  any  political subdivision  of  the
            state</u>, but does not include security officers
            employed by  private security  companies  who
            contract with  the  state  or  any  political
            subdivision of the state to provide  security
            services for the entity.   (Emphasis added.)

        Your concern is directed to instances where the  legis-
lature omits the word "armed" in authorizing the state or  a
political subdivision to employ "public security  officers."
You suggest that in such  instances, the grant of  authority

to employ public security officers implies that the person will be armed.

It is impossible for us to formulate a rule that will apply to every statute authorizing the state or political subdivision to employ a public security officer. Each statute in question has to be examined to ascertain the intent of the legislature. We can, however, answer your question in regard to the specific statute you mention, article 1187f, V.T.C.S.

Article 1187f as amended by Senate Bill 844, see Acts 1989, 71st Leg., ch. 867, at 3858 (effective June 14, 1989), authorizes the board of a harbor and port facility in establishing a port security force "to employ one or more public security officers licensed by the Commission on Law Enforcement Officer Standards and Education."

The amendment to article 1187f appears to have been in response to Attorney General Opinions JM-742 (1987) and JM-878 (1988). Attorney General Opinion JM-742 concluded that the Port of Houston Authority did not have the requisite authority to hire "armed security guards" since law enforcement activities on the authority's property were statutorily limited to commissioned peace officers. Attorney General Opinion JM-878 concluded that the commission had no authority to license public security officers employed by the Port of Houston Authority since the authority was not statutorily empowered to hire this class of officers. After noting the statutory definition of public security officer, the opinion stated that the commission would have licensing authority if the Port of Houston were permitted to hire public security officers.

The purpose of the amendment as stated in the bill analysis to Senate Bill 844 provides:

> SB 844 amends existing law to specifically authorize harbor and port facility boards to employ public security officers licensed by the Commission on Law Enforcement Standards and Education.

We believe that the legislature in providing harbor and port boards with authority to employ public security officers licensed by the commission evidenced an intent that the officers appointed or employed be armed security officers, since this is the only class of security officers subject to being licensed by the commission.

## S U M M A R Y

A public security officer employed by the board of a harbor and port facility pursuant to article 1187f, V.T.C.S., as amended by the 71st Legislature, is an armed security officer subject to licensing by the Commission on Law Enforcement Standards and Education.

Very truly yours

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General